BLD-155                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-3216
_____

ANTHONY LOCKE,
                                    Appellant

v.

C/O UBER; L.T. ZIELEN;
MR. MOSIER, Lieutenant in Charge of Disciplinary Matters;
SGT. MUSHALA; JEROME W. WALSH;
MS. LUCAS, Facility Grievance Coordinator
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 1-12-cv-01524)
District Judge Sylvia H. Rambo
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Under Third Circuit LAR 27.4 and I.O.P. 10.6
February 25, 2016

Before:  FUENTES, KRAUSE and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed: March 8, 2016)
_____

OPINION*
_____

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Pro se appellant Anthony Locke appeals from the judgment of the United States District Court for the Middle District of Pennsylvania in his § 1983 action. As the appeal does not present a substantial question, we will summarily affirm the decision of the District Court.

I.

Locke initiated this § 1983 action in 2012 against several prison officials from the State Correctional Institution in Dallas, Pennsylvania ("SCI-Dallas"), alleging that these Defendants violated his Fourth and Fourteenth Amendment rights when his legal and personal property were lost during his cancelled prison transfer.

On March 20, 2015, the District Court granted Defendants' motion for summary judgment and directed the Clerk of Court to close the case, finding that Locke failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act. On April 1, 2015, Locke filed a "Motion for Enlargement of Time" to appeal this order, and on April 8, 2015, the District Court granted Locke's motion, extending the deadline to file a notice of appeal until April 30, 2015. Instead of filing a notice of appeal, Locke filed on April 29, 2015 a "Motion for Amendment of Judgment and or Alter and Relief from Judgment," challenging the Court's exhaustion analysis and citing Rules 59(c) and 60(b). The District Court, in an August 20, 2015 order, construed this motion as a motion for reconsideration under Rule 59(e) and dismissed it as untimely. On September 8, 2015, Locke filed a notice of appeal from this order denying reconsideration.

II.

We have jurisdiction under 28 U.S.C. § 1291. See also Long v. Atl. City Police Dep't, 670 F.3d 436, 446 n. 19 (3d Cir. 2012) (Observing that this Court has jurisdiction over "a timely appealed order disposing of an untimely motion for reconsideration."). Locke's notice of appeal is timely as to the order denying his motion for reconsideration, but because he filed that motion more than 28 days after the District Court granted the motion for summary judgment, our review is limited to the District Court's dismissal of the motion for reconsideration. Fed. R. App. P. 4(a)(4); Long, 670 F.3d at 446 n. 19. We review this order for abuse of discretion. Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010).

We need not decide whether Locke's motion properly falls under Rules 59 or 60 because it fails either way. To the extent it is a Rule 59 motion, the District Court correctly dismissed it as untimely. To the extent it is a 60(b) motion, the only section that could arguably apply is 60(b)(6), which requires extraordinary circumstances that are not present here. Gonzalez v. Crosby, 545 U.S. 524, 535 (2005) ("[O]ur cases have required a movant seeking relief under Rule 60(b)(6) to show 'extraordinary circumstances' justifying the reopening of a final judgment.").

Accordingly, we will summarily affirm the District Court's decision.